**UNITED STATES v. PECORA.**

Civ. A. No. 6244.

United States District Court
W. D. Pennsylvania.

June 11, 1952.

Edward C. Boyle, U. S. Atty., Pittsburgh, Pa., for plaintiff.

R. T. Mutzabaugh, Nash & Mutzabaugh, Bradford, Pa., for defendant.

STEWART, District Judge.

Pursuant to agreement of counsel, this case was submitted to the Court on the record. After examining and considering the record consisting of the complaint, an answer, a certificate of the Vice Consul of the United States of America at Naples, Italy, the interrogatories and cross-interrogatories propounded to the defendant and his answers thereto, we make the following

Findings of Fact

1. Prior to June 13, 1932, Francesco Pecora was a native of Italy, and as such was an Italian subject.

2. Subsequent to filing a petition for naturalization, and hearing duly held, a

certificate of naturalization, No. 3357945, was issued to Francesco Pecora by the Common Pleas Court of McKean County at Smethport, Pennsylvania, on June 13, 1932.

3. On or about November, 1932, Francesco Pecora left the United States of America and returned to Rovito, Province of Cosenza, Italy, where he has continuously resided since that date.

4. The last known place of residence of Francesco Pecora in the United States of America was at Bradford, Pennsylvania.

5. Francesco Pecora was married in Italy on January 18, 1920, to Antonietta Falba by whom he had several children prior to the date of his naturalization as a citizen of the United States of America.

6. Neither the wife nor any of these children has ever resided in the United States of America.

7. Francesco Pecora returned to his wife and family in Italy on or about November, 1932, and he and his wife have had three more children since the date of his return.

8. None of these three children has ever resided in the United States of America.

9. All of the children, except two, live with Francesco Pecora and his wife in Rovito, Province of Cosenza, Italy.

10. Francesco Pecora has voted at least twice in Italian elections or plebiscites since his return to Italy in 1932.

11. Francesco Pecora made no effort to return to the United States and never officially asserted a claim to citizenship in the United States of America until 1946 or 1947.

12. Francesco Pecora established a permanent residence in Italy on or about November, 1932.

13. Francesco Pecora did not have an intention of becoming a permanent citizen of the United States of America at the time of filing his petition for naturalization, at the time of the hearing thereon, and at the time of the issuance to him of his certificate of naturalization.

Conclusions of Law

1. This court has jurisdiction of this suit under Sections 701 and 738 of Title 8 of the United States Code Annotated.

2. Section 738(c) of Title 8 provides:

"If a person who shall have been naturalized shall, within five years after such naturalization, return to the country of such person's nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such person to become a permanent citizen of the United States at the time of filing such person's petition for naturalization, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the revocation and setting aside of the order admitting such person to citizenship and the cancelation of the certificate of naturalization as having been obtained through fraud. * * *"

3. Francesco Pecora returned to the country of his nativity within five years after his naturalization as a citizen of the United States of America. In fact, he returned to Italy within six months of the date of his naturalization.

4. There is an absence of evidence sufficient to show an intention on the part of Francesco Pecora to become a permanent citizen of the United States of America at the time of filing his petition for naturalization.

5. Rather, the record before us establishes that Francesco Pecora had no such intention.

6. Therefore, we deem it proper to enter an order revoking and setting aside the order admitting Francesco Pecora to citizenship and cancelling the certificate of naturalization as having been obtained through fraud.